IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 08-cr-00378-MSK

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**1. JOE CAMACHO**,

    Defendant

---

**GOVERNMENT'S SENTENCING MEMORANDUM PURSUANT TO THIS COURT'S REQUEST FOR INFORMATION REGARDING WHETHER THE PROTECT ACT LIMITS COURT'S SENTENCING AUTHORITY**

---

The United States of America, by and through Krislene M. Lorenz, Assistant United States Attorney, submits the following memorandum pursuant to this Court's request for information regarding whether the PROTECT Act limits Court's sentencing authority.

**I. Facts and Plea Disposition**

The government hereby incorporates the facts set forth in the "Plea Agreement and Statement of Facts Relevant to Sentencing" [Document #25], as well as the Pre-Sentence Investigation Report. On February 2, 2009, the defendant pleaded guilty to Count Two of the Indictment, Transfer of Obscene Material to Minors, a violation of 18 U.S.C. §1470(b). The government agreed to dismiss Count One of the Indictment as part of the plea agreement.

**II. The PROTECT Act and 18 U.S.C. § 3553**

In response to the growing epidemic of crimes against children, Congress enacted the Prosecutorial Remedies and Other Tools to End the Exploitation Children Today Act (the

"PROTECT Act"),[1] in 2003 to enhance the penalties for crimes involving the sexual exploitation of children. In this act, Congress also sought to restrict the ability of courts to grant downward departures in cases of sexual exploitation of children. As a result, 18 U.S.C. § 3553(b)(2)(ii) states that a court shall impose a guidelines sentence unless the court finds that there exists a mitigating circumstance of a kind or to a degree that has been affirmatively and specifically identified as a permissible ground of downward departure in the sentencing guidelines or policy statements, has not been taken into consideration by the Sentencing Commission in formulating the guidelines, and should result in a sentence different than that described.

Certainly, following *United States v. Booker*, 543 U.S. 220 (2005), this provision is not binding on the court. However, the government submits that this statutory provision illustrates Congress' intent that crimes and sexual offenses against children should be treated in accord with the sentencing guidelines. As a result, greater weight should be given to the findings of Congress in this regard, indicating that departures and variances should be extremely rare in child sex crime cases.

The Sentencing Commission has also made clear that "child crimes and sexual offenses"[2] should be treated differently than other types of crimes. Any departure from the sentencing guidelines in a child crime or sexual offense case (including the instant case, a violation under Chapter 71), is governed by USSG §5K2.0(b). That section provides, referring to 18 U.S.C. § 3553(b)(2)(A)(ii), that the sentencing court may only impose a sentence below the range established by the applicable guidelines if the court finds that there exists a mitigating circumstance of a kind, or to a degree, that (1) has been affirmatively and specifically identified as a permissible ground for a downward departure in the sentencing guidelines or policy

---

[1] Pub. L. No. 108-21, 117 Stat. 650 § 401(m)
[2] As defined in the Commentary to 5K2.0, Application Note (4)(A)

2

statements contained therein; (2) has not adequately been taken into consideration by the Sentencing Commission in formulating the guidelines; and (3) should result in a sentence different from that described.  The provision then states:

> The grounds enumerated in this Part K of Chapter Five are the sole grounds that have been affirmatively and specifically identified as a permissible ground of downward departure in these sentencing guidelines and policy statements.  Thus, notwithstanding any other reference to authority to depart downward elsewhere in this Sentencing Manual, a ground of downward departure has not been affirmatively and specifically identified as a permissible ground of downward departure within the meaning of section 3553(b)(2) unless it is expressly enumerated in this Part K as a ground upon which a downward departure may be granted.

USSG §5K2.0(b). *See, e.g.,* §5K2.13 (may not depart based on diminished capacity); §5K2.20 (may not depart based on aberrant behavior); §5H1.6 (family ties and responsibilities are not relevant); § 5K2.19 (post-sentencing rehabilitative efforts not a grounds for departure). Diminished capacity, aberrant behavior, post-sentencing rehabilitative efforts, and family ties are factors expressly prohibited by the Sentencing Commission as grounds for departure.  As a result, they should not be adequate grounds for a sentence lower than the guideline sentence, even under 18 U.S.C. § 3553(a).

### III.  The factors under 18 U.S.C. § 3553(a) support a Guideline sentence

The government urges this Court to sentence this defendant pursuant to the recommendation of the Pre-Sentence Investigation Report, to a guideline sentence of 21 months.  While the Sentencing Guidelines are only advisory post-*Booker*, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guideline range." *Gall v. United States*, 128 S. Ct. 586, 596 (2007).  For purposes of nationwide consistency, the Guidelines should be the starting point and the initial benchmark. *Id*.  However, the Guidelines are only one consideration and the court should consider all of the §3553 factors in determining whether they

3

support a sentence requested by a party.  The court must "make an individualized assessment based on the facts presented" to determine whether an outside-Guidelines sentence is warranted. *Id*. at 597.  The court must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of variance. The appropriate sentence must be adequately explained by the court to allow for meaningful appellate review and to promote the perception of fair sentencing.  *Id*.

The § 3553(a) factors relevant to this matter are:

> (1)  The nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentenced imposed:  (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;   (3)  the kinds of sentences available; (4)  the kinds of sentence and the sentencing range established…(5) any pertinent policy statement…(6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct…

When each of these factors is considered, a guideline sentence is warranted and is the reasonable and appropriate sentence in this case.  Although it is true that there was no actual victim in this case, that fact does not mitigate the defendant's conduct where he <u>believed</u> that he was communicating with a fourteen year old child.  Within fifteen minutes of approaching this "child" on the internet, the defendant began a sex chat which included questions and directions about masturbation, and expressed his desire to meet and have sex with her.  The defendant acknowledged knowing at the time that his actions were wrong, ("but you know if I get caught, I could get into trouble"), but that didn't stop him.  His actions were also not limited to a single occasion.  Pursuant to the stipulated facts in the plea agreement, the defendant continued to e-mail the "child" throughout the month of December 2007, and into January of 2008.  His behavior also escalated when he began sending the "child" attachments that contained

pornography and encouraged her to watch them and to masturbate.

The defendant also told the "child" repeatedly that he wanted to take her virginity and that he planned to travel to Denver to accomplish that action.  The government concedes that the defendant made no firm plans to meet the "child" and that no meeting actually took place.  However, the defendant pleaded guilty to 18 U.S.C. 1470(b),"Transfer of Obscene Material to Minors", which the defendant fully acknowledges he did.  This offense does not require anything more than the proof that the defendant transferred obscene material interstate to a person he believed to be less than 16.  The Guideline sentence in this case seeks to punish that conduct.  The fact that the defendant did not actually meet a child is not relevant to the determination of a fair and appropriate sentence in this case, particularly where the government agreed to dismiss Count One of the Indictment (Enticement) which carried a minimum mandatory 10 year sentence, as part of the plea agreement.  Moreover, both Congress and the Sentencing Commission have expressed the intent to include this conduct under "child crimes and sexual offenses" thereby invoking 5K2.0(b).

## IV. Conclusion

Here, a guideline sentence recognizes the seriousness of the offense, the need to deter others, and the need to protect the public from further crimes.  It is an appropriate sentence.

> Respectfully submitted,
>
> DAVID M.GAOUETTE
> ACTING UNITED STATES ATTORNEY
>
>
> s/Krislene M. Lorenz
> Assistant United States Attorney
> United States Attorney's Office
> 1225 Seventeenth Street, Suite 700
> Denver, Colorado 80202
> Telephone: (303) 454-0100
> Fax:  (303) 454-0403
> E-mail: Krislene.Lorenz@usdoj.gov

**CERTIFICATE OF SERVICE**

      I certify that on this __13th__ day of July, 2009, I electronically filed the foregoing **GOVERNMENT'S SENTENCING MEMORANDUM PURSUANT TO THIS COURT'S REQUEST FOR INFORMATION REGARDING WHETHER THE PROTECT ACT LIMITS COURT'S SENTENCING AUTHORITY** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

La Fonda R. Jones
Email: LaFonda_Jones@fd.org

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the non-participant's name:

None

                                    s/ Debbie Azua-Dillehay
                                    DEBBIE AZUA-DILLEHAY, Legal Assistant
                                    United States Attorney's Office
                                    1225 Seventeenth Street, Suite 700
                                    Denver, Colorado 80202
                                    Telephone: (303) 454-0153
                                    FAX: (303) 454-0409
                                    E-mail: Debbie.Azua-Dillehay@usdoj.gov