# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Action No. 08-cr-00378-MSK

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**1.  JOE CAMACHO**,

    Defendant.

---

GOVERNMENT'S SUPPLEMENTAL INFORMATION REGARDING SENTENCING

---

    The United States of America, by David M. Gaouette, United States Attorney for the District of Colorado, through Assistant United States Attorney Krislene M. Lorenz, hereby submits this Supplemental Information Regarding Sentencing and states as follows:

1. On August 17, 2009, this matter was set for sentencing.  At that time, the Court informed the parties that was considering a variant sentence in this case to a probationary term of five years.  The Court granted the government additional time to file supplemental information with regard to its position on a variant sentence.  The Court stated that in considering a variance, it was influenced by the fact that Mr. Camacho had no prior criminal history, that he had been residing in a "halfway house" since his release on bond, and that apparently, his wife wished to reconcile with him at the conclusion of this criminal case.  The court also noted that in its review of other cases of conviction pursuant to 18 U.S.C. §1470, it believed that the facts of Mr. Camacho's case were somewhat less egregious than other cases.

2. As the government set forth in its first sentencing memorandum [Document # 30],

considering each of the factors set forth in 18 U.S.C. § 3553(a), the government believes that a sentence within the advisory guideline range is the fair and appropriate sentence in this case. The real issue that the government has with a probationary sentence in this case relates to these factors set forth by § 3553(a): "(2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant";

3. The advisory guideline calculations in this case produce a range of 21-27 months and the probation department is recommending 21 months. The government disagrees that a probationary sentence in this case fulfills the goals of the above sections of § 3553(a). As discussed in the government's first sentencing memorandum, both Congress and the Sentencing Commission have urged courts to treat crimes involving children and sex very seriously because the nature of these crimes irrevocably change and sometimes destroy the lives of vulnerable children. While the Court may be persuaded that this defendant "only" communicated with an undercover officer (UC) versus a real child, and "only" sent adult versus child pornography to the UC, and "only" directed the UC to touch herself instead of committing a hands-on offense himself, the reality is that this defendant "groomed" what he believed to be a minor child to watch pornography and touch herself for <u>his own sexual gratification</u>, apparently under the mistaken belief that he was freeing himself of responsibility. The fact that he was wary enough or smart enough to not actually meet the child and engage in hands-on behavior does not absolve his egregious and potentially dangerous behavior. This behavior alone, without more, constitutes a crime under 18 U.S.C. § 2422(b) and but for the plea bargain in this case,

       Mr. Camacho would have faced a mandatory ten year minimum prison sentence if convicted by a jury of his peers. A prison sentence in this case is necessary to punish Mr. Camacho for his deviant conduct as well as send a message to the community and other offenders that this conduct will not be tolerated.

4. The government is also very concerned with the application of § 3553(a)(6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." The undersigned has not been able to find another case in this District where a defendant was facing sentencing for conviction pursuant to 18 U.S.C. §1470. Accordingly, the undersigned attempted to gather information from other districts which have successfully prosecuted an individual under this statute. The undersigned has been unable to find another case where probation was granted. Granted, this wasn't even a possibility until after *Booker*, however, since that time, it would appear that probation has not been granted under these or similar facts, and to the contrary most offenders have received a sentence within the advisory guideline range. Furthermore, in speaking with the probation department for the District of Colorado, there is not a single individual on probation for an offense constituting "child crimes and sexual offenses."[1] It is the government's position that sentencing Mr. Camacho to probation in this case would create an unwarranted sentence disparity which is discouraged by § 3553 (a)(6).

5. The factors mentioned by the Court at the hearing on August 17, 2009 and referenced in paragraph 1 of this supplement seem to go to §3553(a)(1) "the nature…and characteristics of the defendant".

---

[1] There are two sex offenders on lifetime supervised release.

a. The first factor, the defendant's lack of criminal history has already been taken into account by the advisory guidelines.  The government of course recognizes that this Court can use this as a basis for an additional variance but the government urges the Court not to.  This is the defendant's first conviction.  However, offenses such as these should give the court pause when considering whether this is likely the defendant's first offense, or whether he has offended before and simply not been caught.  The deviant conduct exhibited by the defendant took place behind closed doors.  His intended "target" was a vulnerable 14 year old child.  The conduct took place over a period of time.  The conduct involved numerous planned acts by the defendant.  Presumably each time he wanted to e-mail the "child" he had to go through the process of logging into his e-mail account, he had to type in the message, he had to go to his collection of pornography to choose what he wanted to send (or search the internet for it), and then he had to attach it to the e-mail.  This process was well thought out and repeated by the defendant numerous times over a course of several weeks.  This was not an isolated incident or one that can be minimized by suggesting that the defendant acted rashly or without thought.

b. The second and third factors mentioned by the Court, that the defendant has been residing in a "halfway house" since his release on bond, and that his wife wishes to reconcile with him are somewhat intertwined and weigh against a probationary sentence in the government's mind.  As the presentence report noted on page 3, the defendant has been residing at Independence House since his release on bond on November 7, 2008.  The defendant was required to reside there as a condition

of his bond because his wife has a sixteen year old daughter who also resides in the family home.  As this Court well knows, the facts of this case involve sexual chats, pornography and the defendant's fantasies about a fourteen year old child.  The defendant's home is not a safe environment for him or a minor child due to his fantasies.  The government would also like to point out that the defendant has not exactly had a stellar track record at Independence House.  The presentence report notes "On January 27, 2009, Officer Nuanes filed a Status Report to the Court.  According to the report, on December 6, 2008, the defendant was found to be in possession of a cellular telephone, a violation of Independence House policies.  On January 13, 2008, Officer Nuanes was contacted by a family therapist in Corpus Christi, Texas, who reported that the defendant was contacting his minor son, Jacob, via cellular telephone without authorization." (Presentence report dated May 8, 2009, Page 4).  The addendum to the presentence report summarizes a situation where the defendant requested permission to accept a job at the Havana Auto Parts Store, but failed to  request permission to be a delivery driver which would entail his driving around town all day without any supervision.  He also failed to disclose the nature and circumstances of his offense and his requirement to reside in a residential reentry center to this employer.  He told his probation officer that he purposefully put his wife's mailing address on the application instead of the address of the residential reentry center.  Because of his actions, Independence House suspended his ability to leave the facility for employment search purposes. (Addendum to the Presentence Report dated June 3, 2009, Pages A-1 and A-2).  The Second Addendum to the

5

        presentence report states "on July 24 2009, an incident report was submitted by Independence House staff after it was learned that the defendant had borrowed $900 from another inmate at the residential reentry center, in violation of Independence House rules.  Senior Probation Officer Jennifer Nuanes met with the defendant and directed him to repay the inmate by July 31, 2009.  As of August 3, 2009, he has not repaid the inmate."  (Second Addendum to the Presentence Report, Page SA-1).  All of these violations, while somewhat "technical" in nature, certainly do not indicate that Mr. Camacho is a person who respects the rules and would be a model probationer.  Instead, the defendant has shown that he will willfully deceive those seeking to supervise him in order to be able to do what he wants to do versus what the court has ordered him to do.  This does not bode well for community safety if Mr. Camacho is released on a probationary sentence.

6. For all of these reasons, the government urges the Court to impose a 21 month sentence in this case.  However, if the Court is still inclined to grant probation the government would request that the Court consider the following:

    a. Require the defendant to participate in a psychosexual evaluation and risk assessment prior to the sentencing date in this case.  The government would submit that until this evaluation and risk assessment are done, the court cannot adequately determine the defendant's risk level and therefore his threat to the community.  The government recognizes that at the federal level, these evaluations are not standard procedure prior to sentencing.  However, until recently (post-<u>Booker</u>), these offenders couldn't receive probation.   It is

6

        significant that these evaluations are mandatory in Colorado state court pursuant to any conviction for a "sex offense."[2] They provide the Court with the landscape to be able to determine (a) whether probation is appropriate and (b) if so, what conditions should be imposed to adequately treat the defendant while maintaining the safety of the community.

b.    If the Court is still inclined to grant probation after an evaluation, or determines an evaluation is not necessary prior to sentencing, the government would request that this Court order conditions consistent with the recommendations of the Probation Department, to include housing at the residential reentry facility for 180 days so that an evaluation can be conducted, the defendant can begin sex offender treatment, and he can establish a stable residence with the assistance of the probation department. It is the undersigned's understanding from speaking with Ms. Nuanes of the probation department that Mr. Camacho will not be able to return home due to the minor child residing there. After the 180 days have passed the government requests that the defendant be subject to a period of electronic monitoring, and then a period of mandatory "curfew."

---

[2] C.R.S. 16-11.7-104 mandates evaluation of sex offenders as part of the presentence investigation report. "Sex Offense" is defined at 16-11.7-102(3).

The government further requests that the defendant be subject to any other terms and conditions recommended by the probation department to manage sex offenders.

Respectfully submitted,

DAVID M. GAOUETTE
UNITED STATES ATTORNEY


By: s/Krislene M. Lorenz
Assistant United States Attorney
United States Attorney's Office
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax:  (303) 454-0403
E-mail: Krislene.Lorenz@usdoj.gov

8

**CERTIFICATE OF SERVICE**

      I certify that on this __4th__ day of September, 2009, I electronically filed the foregoing GOVERNMENT'S SUPPLEMENTAL INFORMATION REGARDING SENTENCING with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

La Fonda R. Jones
Email: LaFonda_Jones@fd.org

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the non-participant's name:

None

                        s/ Debbie Azua-Dillehay
                        DEBBIE AZUA-DILLEHAY, Legal Assistant
                        United States Attorney's Office
                        1225 Seventeenth Street, Suite 700
                        Denver, Colorado 80202
                        Telephone: (303) 454-0153
                        FAX: (303) 454-0409
                        E-mail: Debbie.Azua-Dillehay@usdoj.gov