

# VIOLATION REPORT MEMORANDUM

To: Krislene M. Lorenz
Assistant United States Attorney

From: Jennifer Nuanes
Senior United Probation Officer

Date: December 17, 2009

Re: Joe **CAMACHO**
Docket No. 08-cr-00378-MSK-01
**REQUEST FOR WARRANT**

**RELEASE STATUS:** On November 7, 2008, the defendant appeared before Magistrate Judge Craig B. Shaffer for his preliminary and detention hearing. On that same day, the defendant was released on a $25,000 unsecured bond with the following conditions:

1) report to the supervising officer as directed;
2) maintain or actively seek employment;
3) surrender any passport to:  Clerk's office within 24 hours of release
4) obtain no passport or other international travel documents;
5) abide by the following restrictions on personal association, place of abode, or travel: restricted to Colorado unless prior permission is granted by the Court;
6) refrain from possessing a firearm, destructive device, or other dangerous weapons;
7) refrain from excessive use of alcohol;
8) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner;
9) report as soon as possible to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop;
10) shall not act as an informant for any law enforcement agency without prior permission from the Court;
11) shall not access the internet, with the exception of work related duties.  If required to access the internet for work-related duties, the defendant shall notify his employer of the pending charges and a written acknowledgment must be provided by them to assure they have been advised of same;
12) defendant shall not access, possess or view any pornography;
13) defendant shall have no unsupervised contact with minors;
14) defendant shall not subscribe to any Internet Service;
15) defendant shall cancel any Internet service and provide verification of cancellation to the Probation Department;

16) defendant shall allow the Probation Department to monitor access to personal computers or laptops and will allow the Probation Department entrance to his residence for such purposes;
17) defendant shall purge any personal computers or electronic devices of all existing image files containing pornography within 24 hours of release;
18) defendant shall not use encryption software;
19) defendant shall reside in a residential reentry center to commence on November 7, 2008, and shall observe the rules of that facility;
20) defendant shall avoid all contact with any witness who may testify concerning the offense; and
21) defendant shall comply with a specified curfew.

**APPARENT VIOLATIONS:**

**1) Failure to Comply with the Rules and Regulations of the Residential Reentry Center (RRC) (Drove vehicle without authorization):**

From July 2009 through December 2009, the defendant drove a vehicle:

This charge is based on the following facts:

On December 11, 2009, while conducting surveillance, Terry Nelson, Independence House South Federal RRC, Home Confinement Coordinator, observed the defendant driving a green Ford Explorer when he arrived for work at The Car Shop, 10401 West Idaho Place, Denver, Colorado, a violation of Bureau of Prisons prohibited act, code 309 (drove vehicle without authorization).

On December 14, 2009, I received the Incident Report noting the above violation. The Incident Report also reflects that the defendant did not have authorization to drive a vehicle, and that the defendant was fully aware of this rule.

On December 15, 2009, Supervising Probation Officer (SUSPO) Richard Vaccaro and I met with the defendant to address this violation. During this meeting, the defendant reported the following: He began driving without authorization in July 2009. He estimated that from July through November 2009, he drove "approximately 3- 4 times" monthly. He explained that Sara Camacho, his wife, would park the vehicle near a bus stop, he would travel by bus to this location, and retrieve the car. He then stated he would drive to work, and then leave in the vehicle during his lunch hour to "run errands for his wife." He also reported that "sometimes" he would "go to lunch with my wife." Mr. Camacho then stated that at the conclusion of the work day, he would drive to his wife's apartment complex located at 10025 East Girard Street, Denver, Colorado, to "walk the dog, eat dinner and watch movies and tv." He stated he would then travel by bus back to the RRC to be at the facility before his scheduled return time.

On December 3, 4, 5, 8, 9, 2009, the defendant reported that he parked the vehicle approximately "two blocks away" from the RRC. He stated during these days, he drove directly to and from work and after work, would drive to his wife's apartment complex to visit her, and other times, transported his wife to Aurora South Hospital for medical purposes.

After he reported this information, SUSPO Richard Vaccaro asked the defendant why he didn't request authorization to drive. The defendant could not provide an answer, and stated, "I messed up and I'm sorry."

2) **Failure to Comply with the Rules and Regulations of the Residential Reentry Center (RRC) (Unauthorized use of a cellular telephone)**

From October 2009 through December 2009, the defendant used a cellular telephone without authorization:

This charge is based on the following facts:

On December 11, 2009, while conducting surveillance, Terry Nelson, Independence House South Federal RRC, Home Confinement Coordinator, observed the defendant talking on a cellular telephone at his employment site, a violation of the Bureau of Prisons prohibited act, code 309 (using or possessing a cellular telephone without authorization).

On December 14, 2009, I received the Incident Report noting the above violation. The Incident Report also reflects that the defendant did not have authorization to use or possess a cellular telephone.

On December 15, 2009, SUSPO Richard Vaccaro and I met with the defendant to address this violation. During this meeting, the defendant reported the following: He started using the telephone approximately "three months ago" to communicate with his wife. He stated they would communicate via text messaging throughout the day, and estimated he would receive "15 - 20" text messages and approximately "5" pictures from his wife daily.

He also advised that his wife would send him text messages informing him that Shada, his wife's 17-year-old-daughter, was not home, and would invite him to come to the apartment while Shada was not there. He also explained that he would drive the vehicle during these incidents so he had ample time to visit with her and return to the RRC before his scheduled return time.

After he reported this information, SUSPO Vaccaro asked the defendant why he didn't request authorization to use a cellular telephone. The defendant could not provide an answer, and stated, "I messed up and I'm sorry."

3) **Failure to Comply with the Rules and Regulations of the Residential Reentry Center (RRC) (failure to make required location telephone calls)**

From July 2009 through December 2009, the defendant failed to make required location telephone calls, a violation of the Bureau of Prisons prohibited act, code 309 (failure to make required location telephone calls):

This charge is based on the following facts:

On December 11, 2009, while conducting surveillance, Terry Nelson, Independence House South Federal RRC, Home Confinement Coordinator, observed the defendant arrive at work at 7:55 a.m. driving a green Ford Explorer. However, the defendant did not call the RRC until 8:39 a.m. to report he arrived at his approved location, work.

On December 14, 2009, I received the Incident report noting the above violation. The report also reflects that the defendant is fully aware that he must call the RRC immediately upon his arrival at work, per the rules and regulations of the RRC.

On December 15, 2009, SUSPO Richard Vaccaro and I met with the defendant to address this violation. During this meeting, the defendant reported the following: The defendant stated that when he drove the vehicle to work (as noted above in violation number 1), he would purposely call the RRC at later times to give the perception that he was using the bus for transportation.

He also admitted that at the end of the work day (see above noted dates and times) he would call the RRC to tell them he was leaving work to return to the RRC by bus, but instead, would drive to his wife's residence to spend time with her before returning to the RRC.

**SUMMARY OF DEFENDANT'S ADJUSTMENT TO SUPERVISION:**

The above information reflects that the defendant has violated his conditions of release as well as the rules and regulations of the RRC.

On December 16, 2009, I received a letter from Joe Starman, Independence House South Federal RRC, Program Director, advising that as a result of the violations accrued at the RRC, the defendant is no longer an appropriate candidate for RRC placement, and has rejected same (see attached letter).

**RECOMMENDATION:**

The Probation Office recommends that a bond violation warrant be issued.

Respectfully submitted,

Jennifer Nuanes
Senior Probation Officer
303-335-2406

APPROVED:
Richard Vaccaro
Supervising Probation Officer
(303) 335-2420

cc: Craig B. Shaffer
United States Magistrate Judge

Marcia S. Krieger
United States District Judge

## Independence House
### 2765 South Federal Blvd.
### Denver, Co 80236
### 303-936-2035

To: Jennifer Nuanes, Senior Officer USPO

From: Joe Starman, Program Director, South Federal

Date: 12/16/09

Re: Joseph Camacho, Reg#35925-013

Joseph Camacho arrived to the Independence House program on 11/7/08.

On 12/11/09 it was discovered that Camacho was unauthorized and found to be operating a motor vehicle and carrying a cell phone. This occurred on numerous occasions while he was a resident in the program. (Refer to memo's and incident reports)

Independence House is very concerned with Camacho's actions and the heightened risk he poses to the community with his current classification. Being unaccountable in the community places the community, the program and the offender at great risk. He has shown a blatant disregard to follow the rules of the program and the conditions imposed on him by the Federal Probation Department. Due to his behavior, I have made the decision to reject his placement.