PROB 12
(02/05-D/CO)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. JOE CAMACHO                               Docket Number: 08-cr-00378-MSK-01

**Petition for Modification of Conditions of Probation**

      COMES NOW, Jennifer Nuanes, probation officer of the Court, presenting an official report upon the conduct and attitude of Joe Camacho who was placed on supervision by the Honorable Marcia S. Krieger sitting in the court at Denver, on the 17th day of February, 2010, who fixed the period of supervision at five (5) years, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. The defendant shall make payments on past due child support and current child support obligations at the direction of the probation officer.

2. The defendant shall participate in and successfully complete a program of mental health treatment, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant, to the extent he is able, shall pay the cost of treatment as directed by the probation officer. The defendant shall comply with the rules and restrictions specified by the treatment agency. The Court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report for continuity of treatment.

3. The defendant shall participate in and successfully complete an approved program of sex offender evaluation and treatment, which may include polygraph, plethysmograph and Abel examinations, as directed by the probation officer. The defendant will, to the extent he is able, be required to pay the cost of these evaluations and treatment. The defendant shall comply with the rules and restrictions specified by the treatment agency. The Court authorizes the probation officer to release psychological reports and/or the presentence report to the treatment agency for continuity of treatment.

4. The defendant shall notify the probation officer of all computers and/or other Internet access devices to which the defendant has access. The defendant shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

5. The defendant shall allow the probation officer to install software/hardware designed to monitor computer activities on any computer the defendant is authorized to use. The software may record any and all activity on the computer, including the capture of keystrokes, application information, Internet use history, email correspondence, and chat conversations. A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software on the computer. The defendant shall not attempt to remove, tamper with, reverse engineer, or in any way circumvent the software/hardware.

6, The defendant shall reside in a Residential Reentry Center, until an approved place of residence is found, to commence upon availability of bed space at the facility, and he shall observe the rules of that facility.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

See attachment hereto and herein incorporated by reference.

PROB 12
(02/05-D/CO)

PRAYING THAT THE COURT WILL ORDER that the defendant's conditions of probation be modified to include a special condition requiring that: 7) During the defendant's remaining portion of his placement at the Residential Reentry Center (RRC), he shall comply with the rules of the RRC Location Monitoring Program (LMP) which includes passive Global Positioning System (GPS) tracking.  The defendant shall wear all necessary GPS tracking devices and comply with all other LMP rules/procedures specified by the RRC.  The RRC reserves the right to request reimbursement from the defendant for the full cost of any electronic monitoring equipment that is lost or intentionally damaged.

ORDER OF THE COURT

Considered and ordered this 2nd day of October, 2010, and ordered filed  and made a part of the record in the above case.

*/s/ Marcia S. Krieger*

Marcia S. Krieger
United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.

*s/Jennifer Nuanes*

Jennifer Nuanes
Senior United States Probation Officer

Place: Denver

Date: October 29, 2010

## ATTACHMENT

On March 10, 2010, the conditions of probation were read and explained to the defendant. On that date, he acknowledged in writing that the conditions had been read and explained to him, that he fully understood the conditions, and that he was provided with a copy of same. The defendant's term of probation commenced on March 3, 2010.

This petition is based on the following facts:

On July 22, 2010, Supervising Probation Officer Richard Vaccaro and I met with the defendant to address various supervision issues. Specifically, we addressed the defendant's resistance to treatment at RSA and his poor attitude directed to staff at RSA and the RRC. We also addressed the fact that the defendant has failed to secure employment.

At the conclusion of the meeting, I asked the defendant to submit a homework assignment explaining how he intends to internalize treatment concepts and treat staff members at RSA and the RRC with respect.

On August 4, 2010, Amber Gulley, M.A., the defendant's primary therapist, and I met with the defendant to discuss his homework assignment. During this meeting, the defendant acknowledged that he had been "taking my frustrations out on staff" and apologized for his behavior. The defendant, with a positive attitude, stated that he thinks he "turned the corner" and realized that he was given a great opportunity by the Judge to remain in the community and did not want to let his family or community down.

On September 9, 2010, I met with the defendant at the RRC to discuss two violations he accrued at the RRC. During this meeting, the defendant advised that on September 7, 2010, he "missed the bus" and as a result, returned to the RRC twenty-five minutes late. I advised the defendant that I recognize this could happen because he does not have control over public transportation and encouraged him to remain in contact with the RRC if this situation ever occurred again.

The defendant also admitted that on that same day, he failed to complete his chore as required, and when a staff member instructed him to complete it, he "got frustrated at the situation and took it out on staff."

At the conclusion of the meeting, I advised the defendant that if he continues to violate the RRC rules and regulations, he could ultimately jeopardize his eligibility for placement at the facility.

During a meeting at the RRC on September 23, 2010, the defendant admitted he had accrued additional location violations at the RRC. Specifically, the defendant admitted that he stopped at gas stations and stores without approval. The defendant also admitted that on two occasions, he scheduled unauthorized visits with his wife while signing out of the RRC for job search activities. When the defendant reported this conduct, I asked the defendant why he did not ask his wife to visit him at the RRC as approved. The defendant could not provide an adequate response. At the conclusion of the meeting, I instructed the defendant to report to the probation office to meet with my supervisor.

On September 29, 2010, Supervising Probation Officer Richard Vaccaro and I met with the defendant to once again address noncompliant behavior.  During this meeting, the defendant was verbally admonished and advised that these violations would be reported to the Court.  The defendant was informed that as a result of his noncompliant behavior, I would be requesting a modification of his conditions of probation to include Global Positioning Tracking as it is clear he would benefit from additional monitoring.  The defendant advised that he thought that was a fair consequence.

Also during this meeting, I asked the defendant to complete a homework assignment noting all of the location violations as well as what he intends to do differently.  Upon completion of the homework assignment, the defendant admitted he had been out of location approximately ten times from August 2010 through September 29, 2010.

On September 29, 2010, and October 21, 2010, respectively, the defendant and his attorney, LaFonda Jones, Assistant Federal Public Defender, executed a form entitled "Waiver of Hearing to Modify Conditions of Probation or Extend Term of Supervision" which waives the right to a hearing and agrees to the proposed modification of the conditions of supervised release.  Assistant United States Attorney Judith Smith has been notified and has no objection to this proposed modification.