PROB 12
(02/05-D/CO)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. JOE CAMACHO a/k/a "joenoetoe1115"     Docket Number:  08-cr-00378-MSK-01

**Petition for Modification of Conditions of Probation**

  COMES NOW, Richard Vaccaro, probation officer of the Court, presenting an official report upon the conduct and attitude of Joe Camacho who was placed on supervision by the Honorable Marcia S. Krieger sitting in the court at Denver, Colorado, on the 17th day of February, 2010, who fixed the period of supervision at five (5) years, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. The defendant shall make payments on past due child support and current child support obligations at the direction of the probation officer.

2. The defendant shall participate in and successfully complete a program of mental health treatment, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer.  The defendant, to the extent he is able, shall pay the cost of treatment as directed by the probation officer.  The defendant shall comply with the rules and restrictions specified by the treatment agency.  The Court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report for continuity of treatment.

3. The defendant shall participate in and successfully complete an approved program of sex offender evaluation and treatment, which may include polygraph, plethysmograph and Abel examinations, as directed by the probation officer.  The defendant will, to the extent he is able, be required to pay the cost of these evaluations and treatment.  The defendant shall comply with the rules and restrictions specified by the treatment agency.  The Court authorizes the probation officer to release psychological reports and/or the presentence report to the treatment agency for continuity of treatment.

4. The defendant shall notify the probation officer of all computers and/or other Internet access devices to which the defendant has access.  The defendant shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

5. The defendant shall allow the probation officer to install software/hardware designed to monitor computer activities on any computer the defendant is authorized to use.  The software may record any and all activity on the computer, including the capture of keystrokes, application information, Internet use history, email correspondence, and chat conversations.  A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software on the computer.  The defendant shall not attempt to remove, tamper with, reverse engineer, or in any way circumvent the software/hardware.

6. The defendant shall reside in a Residential Reentry Center, until an approved place of residence is found, to commence upon availability of bed space at the facility, and he shall observe the rules of that facility.

PROB 12
(02/05-D/CO)

**On October 2, 2010, the Court ordered the defendant's conditions of probation be modified to include:**

7. During the defendant's remaining portion of his placement at the Residential Reentry Center (RRC), he shall comply with the rules of the RRC Location Monitoring Program (LMP), which includes passive Global Positioning System (GPS) tracking. The defendant shall wear all necessary GPS tracking devices and comply with all other LMP rules/procedures specified by the RRC. The RRC reserves the right to request reimbursement from the defendant for the full cost of any electronic monitoring equipment that is lost or intentionally damaged.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER the defendant's conditions of probation be modified to include the following special conditions: 8) The defendant shall reside in an approved Residential Reentry Center (RRC) for a period of up to 180 days, to commence at the direction of the probation officer, and the defendant shall observe the rules of that facility. The defendant may be discharged earlier than 180 days by the probation officer if the defendant is determined to be in full compliance with the conditions of supervision; and 9) During the defendant's Residential Reentry Center (RRC) stay, he shall comply with the rules of the RRC Location Monitoring Program (LMP) which includes passive Global Positioning System (GPS) tracking. The defendant shall wear all necessary GPS tracking devices and comply with all other LMP rules/procedures specified by the RRC. The RRC reserves the right to request reimbursement from the defendant for the full cost of any electronic monitoring equipment that is lost or intentionally damaged.

ORDER OF THE COURT

Considered and ordered this 9th day of January, 2012, and ordered filed and made a part of the record in the above case.

*/s/ Marcia S. Krieger*

Marcia S. Krieger
United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.

*s/*Richard Vaccaro

Richard Vaccaro
Supervising U.S. Probation Officer

Place:  Denver, Colorado
Date:   January 9, 2012

# ATTACHMENT

On March 10, 2010, the conditions of probation were read and explained to the defendant. On that date, he acknowledged in writing that the conditions had been read and explained to him, that he fully understood the conditions, and that he was provided with a copy of same. The defendant's term of probation commenced on March 3, 2010.

As reflected in the previous modification petition, dated October 29, 2010, the defendant has demonstrated ongoing difficulty in complying with his offense-specific treatment requirements. Despite previous court intervention, the defendant continues to present issues with his treatment requirements at Redirecting Sexual Aggression (RSA). Although the defendant has begun to make some progress as evidenced by his previous release from residential reentry center (RRC) placement to a shared living arrangement (SLA) with another sex offender to promote independence and self-reliance, the defendant recently presented some issues which have made him an inappropriate candidate for further SLA residency. Specifically, the defendant mismanaged his finances resulting in his failure to pay rent and sex offense specific treatment costs. The defendant has also failed to submit monthly budgets and financial documentation to properly account for his expenditures. Due to the defendant's refusal to follow the directives of the containment team, it is recommended that the defendant return to the RRC in lieu of terminating him from offense-specific treatment. Placement at the RRC will increase accountability and provide additional structure for the defendant.

As reflected in the attached Waiver of Hearing to Modify Conditions of Probation or Extend Term of Supervision form, executed by the defendant and his defense counsel, Assistant Federal Public Defender LaFonda Jones, they are both receptive to this proposed course of action. Additionally, Assistant United States Attorney Judith Smith has been consulted and has no objection to this proposed modification.