PROB 12
(02/05-D/CO)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. JOE CAMACHO                                    Docket Number: 08-cr-00378-MSK-01

**Petition For Issuance of a Warrant Due to Violation of Probation**

      COMES NOW, Walter E. Vanni, probation officer of the Court, presenting an official report upon the conduct and attitude of Joe Camacho who was placed on supervision by the Honorable Marcia S. Krieger sitting in the court at Denver, Colorado, on the 17th day of February, 2010, who fixed the period of supervision at five (5) years, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1.  The defendant shall make payments on past due child support and current child support obligations at the direction of the probation officer.

2.  The defendant shall participate in and successfully complete a program of mental health treatment, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer.  The defendant, to the extent he is able, shall pay the cost of treatment as directed by the probation officer.  The defendant shall comply with the rules and restrictions specified by the treatment agency.  The Court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report for continuity of treatment.

3.  The defendant shall participate in and successfully complete an approved program of sex offender evaluation and treatment, which may include polygraph, plethysmograph and Abel examinations, as directed by the probation officer.  The defendant will, to the extent he is able, be required to pay the cost of these evaluations and treatment.  The defendant shall comply with the rules and restrictions specified by the treatment agency.  The Court authorizes the probation officer to release psychological reports and/or the presentence report to the treatment agency for continuity of treatment.

4.  The defendant shall notify the probation officer of all computers and/or other Internet access devices to which the defendant has access.  The defendant shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

5.  The defendant shall allow the probation officer to install software/hardware designed to monitor computer activities on any computer the defendant is authorized to use. The software may record any and all activity on the computer, including the capture of keystrokes, application information, Internet use history, email correspondence, and chat conversations.  A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software on the computer.  The defendant shall not attempt to remove, tamper with, reverse engineer, or in any way circumvent the software/hardware.

6,  The defendant shall reside in a Residential Reentry Center, until an approved place of residence is found, to commence upon availability of bed space at the facility, and he shall observe the rules of that facility.

**On October 2, 2010, the Court ordered the defendant's conditions of probation be modified to include:**

7.  During the defendant's remaining portion of his placement at the Residential Reentry Center (RRC), he shall comply with the rules of the RRC Location Monitoring Program (LMP), which includes passive Global Positioning System (GPS) tracking.  The defendant shall wear all necessary GPS tracking

devices and comply with all other LMP rules/procedures specified by the RRC.  The RRC reserves the right to request reimbursement from the defendant for the full cost of any electronic monitoring equipment that is lost or intentionally damaged.

**On January 9, 2012, the Court ordered the defendant's conditions of probation be modified to include:**

8. The defendant shall reside in an approved Residential Reentry Center (RRC) for a period of up to 180 days, to commence at the direction of the probation officer, and the defendant shall observe the rules of that facility.  The defendant may be discharged earlier than 180 days by the probation officer if the defendant is determined to be in full compliance with the conditions of supervision.

9. During the defendant's Residential Reentry Center (RRC) stay, he shall comply with the rules of the RRC Location Monitoring Program (LMP) which includes passive Global Positioning System (GPS) tracking.  The defendant shall wear all necessary GPS tracking devices and comply with all other LMP rules/procedures specified by the RRC.  The RRC reserves the right to request reimbursement from the defendant for the full cost of any electronic monitoring equipment that is lost or intentionally damaged.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER the issuance of a warrant due to violation of probation and that the petition and warrant be sealed until the arrest of the defendant.  Subsequent to the arrest of the defendant, it is recommended that the Court consider revocation of probation.  The defendant's termination from sex offender treatment means that he will also be terminated from the Shared Living Arrangement (SLA), rendering him homeless.  He is unemployed and lacks any resources in Colorado.  The issuance of a warrant will minimize the danger he poses to the community.

ORDER OF THE COURT

| | |
|---|---|
| Considered and ordered this 25th day of March, 2013, and ordered filed under seal and made a part of the record in the above case. | I declare under penalty of perjury that the foregoing is true and correct. |
| | *s/ Walter Vanni* |
| | Walter E. Vanni<br>United States Probation Officer |
| *s/ Marcia S. Krieger* | |
| Marcia S. Krieger<br>Chief United States District Judge | Place: Denver, Colorado<br>Date: March 22, 2013 |

**ATTACHMENT**

On March 10, 2010, the conditions of probation were read and explained to the defendant. On that date, he acknowledged in writing that the conditions had been read and explained to him, that he fully understood the conditions, and that he was provided with a copy of same. The defendant's term of probation commenced on March 3, 2010.

**1)** **FAILURE TO PARTICIPATE IN SEX OFFENDER TREATMENT AS DIRECTED BY THE PROBATION OFFICER:**

The defendant has failed to participate/comply with the rules and restrictions of the sex offender specific treatment program at RSA, Lakewood, Colorado, the treatment program in which the probation officer had directed him to participate, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On March 31, 2010, the defendant initiated treatment services by signing and agreeing with conditions outlined in RSA's treatment contract specifying the rules and restrictions of the program. On March 21, 2013, the defendant was unsuccessfully discharged from the RSA program due to violating the RSA treatment contracts, the Shared Living Arrangement and Tracking contracts, and his Termination contract. At the time of discharge, the defendant was residing in a Shared Living Arrangement (SLA) and was covertly tracked while living in the community; this is considered to be the highest level of therapeutic containment that can be offered to a supervised sex offender who resides in the community. The violations included: possession of a cell phone which was internet capable, possession of pictures of minors, engaging in third party contact about minors, violating the SLA two person accountability requirement, whereabouts unknown while tracking was attempted in the community, having unapproved community movements, engaging in contact with his ex-wife while under a no contact condition and not following the verified disclosure process to have contact with appropriate support people.

Since the onset of treatment, the defendant has been on six probationary contracts and three termination contracts due to his continued non-compliance. The defendant has a long history of keeping secrets and lying to his containment team in order to avoid consequences. The defendant's behaviors place him at a high risk to engage in further lapse or relapse behaviors which place him at a higher risk to continue residing in the community.

It should be duly noted that due to RSA discharging the defendant unsuccessfully from treatment, the defendant must vacate his residence at the Shared Living Arrangement immediately which renders him homeless at this time. In addition, at this time, the defendant is unemployed and lacks any support people in Colorado and he also lacks any treatment containment. Consequently, the issuance of a warrant will minimize danger to the community.