IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Criminal Action No.08-cr-00378-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    JOE CAMACHO,

    Defendant.

_____

### ORDER OF DETENTION
_____

THIS MATTER came before me for a detention hearing on March 28, 2013, subsequent to the defendant's arrest for an alleged violation of supervised release. The defendant waived his right to a preliminary hearing under Rule 32.1 of the Federal Rules of Criminal Procedure, and did not contest the government's request for detention. The defendant presented no evidence on the issue of detention without bond. Based upon the facts alleged in the Petition and in light of the defendant's waiver, the court finds that probable cause exists to believe that the defendant violated one or more conditions of his release.

Rule 32.1(6), Fed. R. Crim. P., governs the issue of detention where a person has been arrested for violating probation or supervised release. The Rule provides that the person must be taken without unnecessary delay before a magistrate judge who, among other things, must make a determination of detention as follows:

> The magistrate judge may release or detain the person under 18 U.S.C. § 3143(a) pending further proceedings. **The burden of**

-1-

> **establishing that the person will not flee or pose a danger to any other person or to the community rests with the person.**

Fed. R. Crim. P. 32.1(6) (emphasis added).

Section 3143(a), 18 U.S.C., provides:

> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of a sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. § 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds **by clear and convincing evidence** that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).
>
> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless–
>
>> (A)(i)  the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>>
>> (ii)   an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>>
>> (B)   the judicial officer finds **by clear and convincing evidence** that the person is not likely to flee or pose a danger to any other person or the community.

(Emphasis added.)

In making my findings of fact, I have taken judicial notice of the information contained in the court file and considered the facts set forth in the Petition. Weighing the factors applicable under Rule 32.1(6), I find there is probable cause to believe that the defendant committed the

violations charged in the Petition on Supervised Release, which includes allegations that defendant is not participating in his treatment and counseling. Given the circumstances of his non-participation, the court perceives a very grave danger that Defendant will become a danger to minors in the community. After considering all appropriate factors, I conclude that the defendant has failed to establish by clear and convincing evidence that he will not flee and that he will not pose a danger to any other person or to the community.

IT IS ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

Dated this 28th day of March, 2013.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge