IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  08-cr-00378-MSK

UNITED STATES OF AMERICA,

     Plaintiff,

v.

JOE CAMACHO,
     a.k.a. "joenoetoe1115",

     Defendant.

## JOINT STATUS REPORT

The United States of America, by and through Judith A. Smith, Assistant United States Attorney, and the Defendant, by and through counsel for Defendant, Gabriel Schwartz, hereby file this joint status report in anticipation of the probation violation hearing that has been scheduled for June 13, 2013 at 4:30 p.m.

     1.     On May 30, 2013, the Court held a hearing on the revocation of the defendant's probation.  During the hearing, the Court explained to the parties that 18 U.S.C. § 3565 provides that after a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, and after considering the factors set forth in section 3553(a), the Court has the discretion to revoke the sentence of probation and "resentence the defendant under subchapter A."  18 U.S.C. § 3565.  The Court also expressed its concern that the Defendant needed to be advised that the Court under these circumstances has the discretion to impose a sentence up to the statutory maximum sentence available for the original offense of conviction.  Here, the original offense of conviction was Transfer of Obscene Matter to a Minor in violation of 18 U.S.C. § 1470.  That provision

1

carries the potential penalty of not more than 10 years in prison, not more than a $250,000 fine or both, and not more than 3 years supervised release to follow any term of imprisonment.  During the hearing, the Court also stated that if it were to resentence the Defendant, it may need additional information in the form of a new Presentence Report.  18 U.S.C. § 3552(a) ("A United States probation officer shall make a presentence investigation of a defendant that is required pursuant to the provisions of Rule 32(c) of the Federal Rules of Criminal Procedure").  At the conclusion of the Court's statements, the parties conferred and agreed to seek a joint continuance, which the Court granted.

2. After consultation with one another, the parties state their respective positions as follows:  The parties submit that the Probation Violation Report submitted by U.S. Probation Officer Walter Vanni correctly states in its sentencing recommendation that the statutory provision for sentencing permits the Court to sentence the Defendant to a term of imprisonment of up to 10 years.  Counsel for Defendant has advised the Defendant of this possibility, as well as the possibility of the additional penalties as outlined above.  Under U.S.S.G. § 7B1.3, the applicable range of imprisonment is that set forth in § 7B1.4.  The parties submit that the violation report correctly calculated the guideline range for a Class C probation violation with a criminal history category of I as three to nine months of imprisonment. U.S.S.G. § 7B1.4.

3. After further consultation with counsel for the Defendant, the Government intends to recommend a sentence of imprisonment consistent with the recommended guideline range of three to nine months of imprisonment.

4. Counsel for Defendant represents that his client does not intend to contest the violation and will admit the violation during the hearing.  Counsel for Defendant also intends to offer statements by Defendant's family and friends prior to the Court imposing its sentencing; his

intent is to support his anticipated request that the Court transfer jurisdiction over any subsequent supervision of Defendant following any term of incarceration to a federal district in Texas.

5.  The parties do not intend to ask that the Court require U.S. Probation to conduct an entirely new Presentence Report.  In particular, Defendant is particularly concerned about the time he has already served in pre-hearing custody pursuant to Fed. R. Crim. P. 32.1, and that the time to produce a new Presentence Report, which is typically eight to ten weeks, will delay his chance of earlier release in light of the recommended guideline range of three to nine months of imprisonment.  Mr. Camacho has been in custody since March 26, 2013.  While the Defendant recognizes that the Court has the discretion to impose a sentence up to 10 years, he would like to maximize his chances of release within the time recommended by the guidelines.

6.  As set forth above and as explained by this Court, upon its decision to revoke probation and re-impose sentence, 18 U.S.C. § 3565 directs the court to subchapter A of Title 18's Chapter 227.  That subchapter includes 18 U.S.C. § 3552(a), which states that "a United States probation officer shall make a presentence investigation of a defendant that is required pursuant to the provisions of Rule 32(c) of the Federal Rules of Criminal Procedure."  Under Rule 32(c)(1)(A)(ii), the probation officer must conduct a presentence investigation and submit a report to the court before it imposes sentence unless "the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the court explains its findings on the record."

7.  Counsel for the Government has conferred with U.S. Probation, which of course has represented that it will do whatever the Court asks of it.  However, it submits that a new Presentence Report would likely contain the same information it has already provided the Court, namely the original Presentence Report and the Probation Violation Report as supplemented by

3

Exhibit A, which is the report from the Defendant's sex offender treatment provider. Consequently, and in addition due to the resources such a new report would require, U.S. Probation also has respectfully requested that the Court find that it has sufficient information at its disposal to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553. Again, however, U.S. Probation has stated that it will do whatever pleases this Court.

8.  As stated above, a new hearing on the probation violation is currently scheduled for June 13, 2013 at 4:30 p.m. The Defendant intends to admit the violation, and will not otherwise present evidence. The Government does not intend to present evidence, and intends to recommend a sentence within the recommended guideline range.

9.  As a result, the parties respectfully submit this status report to aid the Court in its determination as to whether it believes it may need additional time to order the parties to submit additional briefing, or to order U.S. Probation to conduct additional investigation, supplement its existing reports, or submit a new Presentence Report under Fed. R. Crim. P. 32(c).

Respectfully submitted by the parties.

JOHN F. WALSH
United States Attorney

By: s/ Judith A. Smith
JUDITH A. SMITH
Assistant U.S. Attorney
U.S. Attorney's Office
1225 17th St., Ste. 700
Denver, CO 80202
Telephone: 303-454-0200
Fax: 303-454-0406
E-mail: Judith.Smith3@usdoj.gov
Attorney for Government

                                        By: *s/Gabriel Nathan Schwartz*
                                        GABRIEL NATHAN SCHWARTZ
                                        Law Offices of Sandomire & Schwartz
                                        281 South Pearl Street
                                        Denver, CO 80209
                                        303-863-9398
                                        Fax: 303-831-9374
                                        Email: GNS2000@MSN.COM
                                    Attorney for Defendant

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 4th day of June, 2013, I electronically filed the foregoing **STATUS REPORT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Gabriel Nathan Schwartz
    GNS2000@MSN.COM

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand deliver, etc.) indicated by the non-participant's name:

    (None)

                      By: s/ Judith A. Smith
                      JUDITH A. SMITH
                      Assistant U.S. Attorney
                      U.S. Attorney's Office
                      1225 17th St., Ste. 700
                      Denver, CO 80202
                      Telephone: 303-454-0200
                      Fax: 303-454-0406
                      E-mail: Judith.Smith3@usdoj.gov